IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

**DAVID CRAWFORD,**

**Petitioner,**

**vs.**                                                                                                    **No. CIV-10-36 JH/WDS**

**MICHAEL HEREDIA, Warden and
GARY K. KING, Attorney General
for the State of New Mexico,**

**Respondents.**

### MAGISTRATE JUDGE'S PROPOSED
### FINDINGS AND RECOMMENDED DISPOSITION[1]

This is a Petition For a Writ of Habeas Corpus filed under 28 U.S.C. § 2254 by David Crawford. Crawford is acting *pro se*. Respondents filed a response in opposition to the Petition. The United States Magistrate Judge, having considered the arguments of the parties, the record, relevant law, and being otherwise fully advised, finds and recommends that the Petition should be denied. The court makes the following findings and recommended disposition.

### CLAIMS

Crawford seeks relief on the following grounds:

Ground One: Petitioner claims probable cause was not established in his criminal information, making his guilty plea agreement null and void.

---

[1] Within fourteen (14) days after a party is served with a copy of these findings and recommendations, that party may, pursuant to 28 U.S.C. §636(b)(1), file written objections to such findings and recommendations. A party must file any objections with the Clerk of the U.S. District Court within the fourteen-day period allowed if that party wants to have appellate review of the findings and recommendations. If no objections are filed, no appellate review will be allowed.

Ground Two: Petitioner claims law enforcement officers interrogated him for two days, refusing to acknowledge his Miranda rights in an effort to obtain an arrest warrant and establish probable cause, violating his Fifth Amendment rights.

Ground Three: Petitioner claims his counsel was ineffective for failing to file a motion to quash his statement to law enforcement officers as well as the arrest warrant and criminal complaint.

Ground Four: Petitioner claims his counsel was ineffective for advising him to enter into a guilty plea and disposition agreement to a criminal information that he was never arrested or arraigned on. Additionally, Petitioner claims he never waived a preliminary hearing and no finding of probable cause was established.

Ground Five: Petitioner claims his counsel was ineffective for misrepresenting the time he would actually serve. Petitioner understood he would serve twenty-three and one half (23 ½) years out of the forty-seven (47) year sentence and was not advised by counsel that he would have to serve the full thirty (30) years of the life sentence for the murder conviction before becoming eligible for good time credit on the remaining seventeen (17) years. Counsel also failed to object to the habitual offender enhancement.

## FACTUAL AND PROCEDURAL BACKGROUND

Petitioner is in the custody of Respondent Michael Heredia, Warden, pursuant to an Amended Judgment, Sentence and Commitment filed on May 5, 1995 in the Fifth Judicial District Court, Chaves County, Cause No. CR-1995-0066. The Amended Judgment, Sentence and Commitment arose from a guilty plea entered by Petitioner on April 3, 1995. Petitioner pled guilty and was sentenced for the following crimes: Felony murder; Kidnaping, a first degree felony; Escape from the Penitentiary; Unlawful Taking of a Motor Vehicle; and Tampering With Evidence. As part of the plea, Petitioner admitted that he was an habitual offender with three (3) prior felony

convictions. Petitioner was sentenced to a term of life (thirty years) for the first-degree murder and eighteen years for the kidnaping, to run concurrently, plus seventeen years for the remaining convictions, to be served consecutively to the life sentence. The sentencing terms contained in the plea agreement were identical to the terms imposed by the court, including an eight year enhancement as an habitual offender.

On April 12, 1995 Petitioner filed a Motion for Reconsideration of Sentence. That motion was denied on April 20, 1995.

On January 5, 2005 Petitioner filed a Motion to Withdraw Guilty Plea, which was denied on January 13, 2005. Petitioner filed a Motion to Reconsider on February 1, 2005, and that motion was denied on February 2, 2005. Petitioner filed an appeal, which was treated as a petition for a writ of habeas corpus and transferred to the New Mexico Supreme Court. The court denied the petition on May 16, 2005.

On April 28, 2008 Petitioner filed a second state habeas corpus petition, which was denied on May 7, 2008. Petitioner's application for a writ of certiorari was denied on January 6, 2009. On July 8, 2009 Petitioner filed a "Successive Petition for Habeas Corpus Relief." This petition was denied by the trial court on July 14, 2009, and the subsequent petition for writ of certiorari was denied on August 7, 2009. This federal petition followed.

## STANDARD OF REVIEW

Since Petitioner is in custody pursuant to the judgment of a State court, 28 U.S.C. § 2254 applies. Under 28 U.S.C. § 2254, a petitioner is entitled to federal habeas relief only if he can establish that the state court decision "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," 28 U.S.C. § 2254(d)(1), or "was based on an unreasonable determination of the facts in light of the

3

evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(2). Petitioner must also satisfy the jurisdictional requirements of the Antiterrorism and Effective Death Penalty Act of 1996. (AEDPA)

## ANALYSIS

The AEDPA provides a one-year statute of limitations for habeas corpus petitions filed by state prisoners. 28 U.S.C. §2244(d)(1). The limitation period runs from the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

Options (B)-(D) do not apply in this matter, so Petitioner's limitation period falls under subparagraph (A). Since the direct review or the expiration of the time for direct review of Petitioner's conviction concluded before the April 24, 1996 effective date of the AEDPA, Petitioner is entitled to a one-year "grace period." Petitioner's limitation period expired on April 23, 1997, one year from the effective date of the AEDPA.

On it's face, the Petitioner's January 13, 2010 habeas petition was filed far beyond the §2244 one year limitations period. However, §2244 also contains a provision that establishes a tolling period under certain circumstances. §2244(d)(2) provides that "[t]he time during which a properly filed application for State post-conviction or other collateral review. . .is pending shall not be counted toward any period of limitation under this subsection." However, Petitioner did not file a

State habeas petition, or other application for collateral review, until January 4, 2005, almost nine years after the one-year AEDPA grace period had expired.  Nearly three more years passed between denial of Petitioner's first petition and the filing of his second state petition.

The filing of a State habeas petition or other collateral review tolls the limitations period, it does not restart the one-year clock.  *McCall v. Wyo. AG*, 339 Fed. Appx. 848, 849 (10th Cir. 2009)  Accordingly, the instant Petition is time barred, since the one-year statute of limitations period expired on April 23, 1997.  In light of the fact that the pleading is time barred, the Court declines to address the merits of the Petition.

## RECOMMENDED DISPOSITION

The Court recommends that David Crawford's Petition for a Writ of Habeas Corpus Pursuant to 28 U.S.C. §2254 be DISMISSED with prejudice.

**W. DANIEL SCHNEIDER**
**United States Magistrate Judge**